UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRANDON J. GENTRY, | |
| Plaintiff, | |
| v. | CAUSE NO. 2:20-CV-425-TLS-JPK |
| STATE OF INDIANA, | |
| Defendants. | |

OPINION AND ORDER

The Plaintiff, Brandon Gentry, proceeding without a lawyer, filed a Complaint [ECF No. 1] and a Motion for Leave to Proceed In Forma Pauperis [ECF No. 2]. When presented with an in forma pauperis application, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the in forma pauperis petition. *See Smith-Bey*, 841 F.2d at 757. A court must dismiss a case at any time if it determines that the suit is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To determine whether the suit states a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015). In deciding a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). To survive dismissal, a

"complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). However, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

**A.     Dismissal**

Mr. Gentry satisfies the financial prong of the analysis, but the suit must be dismissed for failure to state a claim. The Eleventh Amendment grants immunity from a federal lawsuit to the State of Indiana and its agencies or departments. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. *MCI Telecomms. Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions apply here. Congress did not abrogate the States' immunity through the enactment of 42 U.S.C. § 1983. *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). Therefore, the Mr. Gentry's Complaint is barred by the Eleventh Amendment, and the Court dismisses the Complaint.

**B.     Designation as a Restricted Filer**

Previously, Mr. Gentry sued the Lake County Sheriff and the Hammond Police Department in three separate lawsuits based on allegations that appear related, if not identical, to some of the allegations in the instant lawsuit against the State of Indiana. Those three previous

cases involved allegations that Mr. Gentry's two minor nieces were raped by Hammond police officers and that the Lake County Sheriff's Department failed to properly investigate the incident, which caused Mr. Gentry's own mental health to suffer.

The complaint in the first case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) by Judge Moody, who analyzed the merits of the case and found that Mr. Gentry could not file a lawsuit on behalf of his nieces and had failed to state a personal claim because an individual does not have a constitutional right to have a case investigated satisfactorily. *See Gentry v. Hammond Police Dep't*, case no. 2:19-CV-400-JTM-JEM, ECF No. 3 at 3 (citing *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001); *Rossi v. City of Chicago*, 790 F.3d 729, 735–37 (7th Cir. 2015)).

The second complaint was dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) by Judge Simon, who noted that the action was frivolous and barred by res judicata due to Judge Moody's prior decision. *See Gentry v. Hammond Police Dep't*, case no. 2:19-CV-482-PPS-JEM, ECF No. 3 at 2–3 (citing *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011); *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002)).

In the third case, the Court dismissed the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), finding the action frivolous and barred by res judicata due to Judge Moody's and Judge Simon's prior decisions. *See Gentry v. Hammond Police Dep't*, case no. 2:19-CV-500-TLS-JPK, ECF No. 3. In its September 10, 2020 Opinion and Order, the Court cautioned Mr. Gentry that, if he files another frivolous lawsuit based on these same allegations, he may be fined, sanctioned, or restricted. *See Gentry v. Hammond Police Dep't*, case no. 2:19-cv-500-TLS-JPK, ECF No. 3.

The instant Complaint again contains allegations regarding the rape of his nieces and identifies several Hammond police officers. Some of the allegations of the Complaint are similar to the allegations in his previous three complaints. Large portions of the Complaint are unintelligible. The Court recognizes that there are new allegations regarding police activity in the last several months, which occurred after the complaints were filed in the other three cases. Regardless, Mr. Gentry did not heed this Court's caution, and he has filed another frivolous lawsuit based, at least in part, on the same allegations that were previously dismissed as frivolous. The Court finds that Mr. Gentry has willfully abused the judicial process or otherwise conducted litigation in bad faith. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991); *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015).

Accordingly, the Court fines Mr. Gentry in the amount of $500 and restricts him from filing in this Court until he has paid in full all outstanding filing fees and sanctions imposed by any federal court. The restriction imposed by this Order does not restrict him from filing a notice of appeal nor "impede him from making any filings necessary to protect him from imprisonment or other confinement, but . . . [it does] not let him file *any paper in any other suit* . . . until he pays the money he owes." *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (emphasis added). However, "because this court disapproves of perpetual orders, [Mr. Gentry] may seek modification or rescission of this order, but not before two years have passed." *Montgomery v. Davis*, 362 F.3d 956, 958 (7th Cir. 2004) (citation omitted).

## CONCLUSION

For these reasons, the Court:

(1) DENIES the Motion to Proceed In Forma Pauperis [ECF No. 2];

(2) DISMISSES this case with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

4

(3) FINES Brandon J. Gentry $500;

(4) DIRECTS the Clerk of Court to return, unfiled, any papers filed in any case by or on behalf of Brandon J. Gentry—unless in connection with an appeal, a criminal case, or a habeas corpus proceeding—until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court; and

(5) DIRECTS the Clerk of Court to note on the docket of this case any attempted filings in violation of this order.

SO ORDERED on December 7, 2020.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT